## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ISIS BENJAMIN, *et al.*,

                *Plaintiffs*,

v.

COMMISSIONER TYRONE
OLIVER, *et al.*,

                *Defendants*.

Case No. 1:25-cv-04470-VMC

## STATE DEFENDANTS' OPPOSITION TO PLAINTIFF JOHN DOE'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

Plaintiff John Doe—a 49-year-old adult—makes the extraordinary request to proceed pseudonymously in this case, even though Doe's four co-Plaintiffs (all represented by the same counsel) are bringing materially identical claims under their own names. This Court should deny Plaintiff's request. Plaintiff has no plausible basis to request pseudonymity because there is little to distinguish Plaintiff Doe from the four other Plaintiffs who have sued without pseudonyms despite their claims involving similar (and often nearly identical) factual allegations.

Plaintiff's vague concerns about potential loss of familial support—none of which are documented with any degree of specificity—are far too general and speculative to overcome the strong presumption in favor of requiring parties to use their real names. Indeed, Doe claims to have been undertaking cross-sex interventions for the last *five years*. It is thus highly implausible that any family

1

members with whom Doe is in contact are unaware that Doe identifies as transgender and has sought sex-change interventions. At bottom, pseudonymity here would serve no purpose other than to deprive the public of critical information about the identity of a plaintiff seeking to facially invalidate a duly enacted state law.

## ARGUMENT

Federal Rule of Civil Procedure 10 states that "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). "'Generally, parties to a lawsuit must identify themselves' in the pleadings." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). The strong general rule that parties must use their legal name "serves more than administrative convenience" and is "more than a customary procedural formality." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981). To the contrary, the rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties," *Frank*, 951 F.2d at 322, and vindicates the public's "First Amendment guarantees," *Stegall*, 653 F.2d at 185.

For these reasons, it "is the exceptional case in which a plaintiff may proceed under a fictitious name." *Frank*, 951 F.2d at 323; *see Chiquita Brands*, 965 F.3d at 1247 ("Parties may use fictitious names only in exceptional cases.") (cleaned up). There is "a strong presumption in favor of parties' proceeding in their own names." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).

Plaintiff fails to overcome this strong presumption. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Frank*, 951 F.2d at 323 (internal quotation marks omitted).

At the outset, Plaintiffs' own litigation conduct undermines any notion of a unique privacy right for Doe that would outweigh the right of public access. Doe is a 49-year-old adult. The four co-Plaintiffs—also adults and represented by the same counsel—have proceeded under their own names.[1] All of these Plaintiffs make the same legal arguments and all have offered facts about their medical and psychiatric histories that could equally be deemed "of the utmost intimacy." Mot. 1. Yet aside from vague and conclusory allegations, Doe offers zero plausible basis to proceed pseudonymously while the co-Plaintiffs (properly) litigate under their own names.

And those co-Plaintiffs are hardly alone. In *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257 (11th Cir. 2020), which Plaintiffs cite extensively, the plaintiff likewise proceeded without a pseudonym before both the district court and Eleventh

---

[1] The four other Plaintiffs in this matter all supplied their legal names, Compl. ¶ 1 n.1, although three sue under self-declared names different than their legal ones. Defendants do not concede that it is appropriate for the other three Plaintiffs to proceed under names that do not match official records. For purposes of this motion, however, Defendants believe Plaintiff Doe should be required, at a minimum, to reveal Doe's legal name in any public filings.

Circuit in a case demanding additional medical and cosmetic interventions for gender dysphoria. So too in many other cases. *See also Bayse v. Ward*, 2025 WL 2178446 (11th Cir. Aug. 1); *Kosilek v. Spencer*, 774 F.3d 63 (1st Cir. 2014).[2]

Doe briefly suggests that pseudonymity is appropriate because public disclosure could purportedly cause "famil[y] rejection" or loss of familial support. Mot. 4. But the suggestion that Doe would somehow lose family support is based on just one paragraph in a declaration where Doe claims to have been "hesitant" to share Doe's identity while "growing up" based on a fear of "family rejection" at that time. Dkt.11-7 ¶ 5. Of course, Doe is not "growing up" today but is a 49-year-old adult. Doe does not cite a single case suggesting that a fear of "family rejection" could justify pseudonymity in a case brought by an adult.[3]

---

[2] Plaintiff relies (at 3-4) mostly on district court authority allowing pseudonymity. But given the number of inmates who have litigated cases seeking additional interventions for gender dysphoria before the Eleventh Circuit and other Circuits under their own names, it is implausible to suggest that there is an inherent privacy interest at stake here.

[3] Doe relies heavily on a case (also captioned *Doe*) in which another court in this district allowed an inmate to proceed under a pseudonym in a case claiming a constitutional right to sex-change interventions. *See* Doe v. Georgia Dep't of Corr., 2024 WL 5700557 (N.D. Ga. Jan. 12). The State Defendants in that case strongly contested pseudonymity and even filed an appeal on this basis. *See* Brief of Appellants, Dkt.26, *Doe v. Georgia Dep't of Corr.*, No. 24-11382 (11th Cir. June 3, 2024), at 36-43. But the Eleventh Circuit ultimately concluded that it had no jurisdiction to resolve this issue. *See Doe v. Georgia Dep't of Corr.*, 2025 WL 1206229 (11th Cir. Mar. 6). The district court's decision, which was appealed but remains unresolved on the merits, should thus carry little weight.

Critically, moreover, Doe's vague suggestions of familial discord are also contradictory on their face. Nothing in either the declaration or brief discusses Doe's *current* familial relations. Doe claims to have been diagnosed with gender dysphoria in 2019 and has been receiving cross-sex hormones since 2020. Dkt.11-7 ¶¶ 7-9. This leads to one of two possibilities. If Doe is in regular contact with family members, then they are surely aware of the sex-change interventions Doe has been undertaking for the last five years—in which case pseudonymity would serve no purpose in terms of protecting Doe's family relationships. Conversely, if Doe has broken off relations with family members or has so little relationship with them that they are unaware of the last five years of sex-change interventions, then it is unclear why Doe claims to be concerned now about "family rejection."

Either way, the motion's vague and unsubstantiated allegations of family concerns are facially insufficient to justify the extraordinary step of granting pseudonymity. *See Doe v. Intel Corp.*, 2024 WL 4553985, at *3 (S.D.N.Y. Oct. 22) ("[C]ourts have rejected claims of harm where they are insufficiently particularized, provided without corroboration, or generalized and conclusory.") (cleaned up).

As for Plaintiff's concern about suicidal ideation, that fails to distinguish Plaintiff Doe from the other Plaintiffs in this action. *See* Compl. ¶ 14 (alleging that "SB185 ha[s] unreasonably put Plaintiffs and other Class Members at grave risk of physical and psychological harm, including … death by suicide"); *id*. ¶ 20 (Plaintiff

Benjamin (Stewart) "is at imminent risk of … thoughts of self-harm and suicide becoming more severe"); *id*. ¶ 21 (Plaintiff Horton "is at imminent risk for the return of suicidal ideation").

At bottom, Plaintiff Doe's case is not an exceptional one. *See Frank*, 951 F.2d at 323. Doe's assertion that Doe's "identity, diagnoses, and transgender identity is information of the utmost intimacy," Mot. 5, fails in any meaningful way to distinguish Doe from the other four Plaintiffs in this action who are proceeding under their own names.

Moreover, other countervailing considerations further undermine Plaintiff's claimed interests in proceeding pseudonymously. For example, "[c]ourts and litigants often recognize that a litigant in the case before them is vexatious by searching for past cases filed by the litigant in various courts. That becomes impossible or at least much harder if the past cases were pseudonymous." Volokh, *The Law of Pseudonymous Litigation*, 73 Hastings L.J. 1353, 1390 (footnotes omitted); *see id.* at 1390-91 & nn.172-74 (collecting cases); *see also Luo v. Wang*, 71 F.4th 1289, 1302-03 (10th Cir. 2023). This is particularly important where, as here, the plaintiff is a prisoner. *See, e.g.*, *Bettis v. Brown*, 2017 WL 4249722, at *1-2 (S.D. Ga. Aug. 28) (dismissing prisoner's complaint for "provid[ing] false information about his prior filing history in his complaint" and noting that "[t]he practice of dismissing a case as a sanction for providing false information about prior

filing history is … well established in the Southern District of Georgia"); *Lynn v. Comm'r, Georgia Dep't of Corr.*, 2020 WL 6054358, at *2 (11th Cir. Sept. 30) (affirming such a dismissal).

Finally, Doe contends (at 5) that no prejudice to Defendants would result from pseudonymity. Not so. Pseudonymity imposes significant countervailing burdens on the Court and the parties, such as the need to seal and redact filings and transcripts, and seal the courtroom during hearings (including the upcoming hearing this Friday). And the logistics of implementing these measures will be doubly complex and confusing here, where the other four co-Plaintiffs have not sought pseudonymity.

There is also significant prejudice to the public. Doe is imprisoned for horrific crimes and the public has a right to know the identity of the individuals who are seeking to invalidate a duly enacted state law. Also, once again, Doe's motion is self-contradictory. Doe claims that pseudonymity will not affect this case because it "turns on questions of law rather than Plaintiff's individual characteristics." Mot. 5. Yet Doe simultaneously argues that pseudonymity is needed because this case involves factual details of the "utmost intimacy." Mot. 2. The way to resolve these inconsistencies is straightforward: as an adult inmate bringing a facial constitutional challenge to a state law, Doe should—like the four co-Plaintiffs represented by the same counsel—proceed under Doe's own name.

\*     \*     \*

Defendants' and the public's interests thus far outweigh Plaintiff's claimed interest in anonymity. This Court should deny Plaintiff's motion and order Plaintiff to file legal-name versions of all documents.

## CONCLUSION

For these reasons, the Court should deny Plaintiff's motion.

Dated: August 25, 2025

Respectfully submitted,

Christopher M. Carr
  *Attorney General*
  Georgia Bar No. 112505
Stephen J. Petrany
  *Solicitor General*
  Georgia Bar No. 718981
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia, 30334
404-458-3408
spetrany@law.ga.gov

*Attorneys for Defendants Tyrone Oliver, Randy Sauls, and Dr. Marlah Mardis*

*/s/ Jeffrey M. Harris*
Jeffrey M. Harris*
Rachael C.T. Wyrick*
Julius Kairey*
Zachary P. Grouev*
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Suite 700
Arlington, VA 22209
(703) 243-9423
jeff@consovoymccarthy.com
rachael@consovoymccarthy.com
julius@consovoymccarthy.com
zach@consovoymccarthy.com

*\*pro hac vice pending*

*Special Assistant Attorneys General and Attorneys for Defendants Tyrone Oliver, Randy Sauls, and Dr. Marlah Mardis*

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the foregoing brief conforms to the requirements of L.R. 5.1C.

The brief is prepared in 14-point Times New Roman font.

<u>*/s/ Jeffrey M. Harris*</u>

## **CERTIFICATE OF SERVICE**

I certify that, on August 25, 2025, I electronically filed the foregoing with the Court and served it on opposing counsel through the Court's CM/ECF system. All counsels of record are registered ECF users.

*/s/ Jeffrey M. Harris*