**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ISIS BENJAMIN; FANTASIA HORTON; NAEOMI MADISON; BRYNN WILSON; and JOHN DOE; on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>COMMISSIONER TYRONE OLIVER, in his official capacity; ASSISTANT COMMISSIONER RANDY SAULS, in his official capacity; STATEWIDE MEDICAL DIRECTOR DR. MARLAH MARDIS, in her official capacity; and CENTURION OF GEORGIA, LLC,<br><br>    Defendants. | Civil Action No.<br>1:25-cv-04470-VMC |

**ORDER**

Before the Court is Plaintiff John Doe's Motion to Proceed Pseudonymously

("Motion," Doc. 15). For the reasons that follow, the Court will grant the Motion.

**Background**

John Doe is a 49-year-old transgender man in the custody of the Georgia

Department of Corrections ("GDC"). (Declaration of John Doe dated July 11, 2025,

Doc. 11-7 ¶ 1). He is currently incarcerated at Lee Arrendale State Prison in

Habersham County, Georgia. (*Id.* ¶ 4).

Doe was assigned female at birth but is a transgender man. (*Id.* ¶ 3). He knew he was a man since he was about 4 years old. (*Id.* ¶ 5). He was diagnosed with gender dysphoria in 2019 and has been receiving hormone therapy since June 2020. (*Id.* ¶ 7). He has been hesitant to openly share his identity in the past because he fears family rejection. (*Id.* ¶ 5). Doe has no support system in the prison environment. (*Id.* ¶ 15).

## Legal Standard

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all parties." The Eleventh Circuit has found that this requirement "serves more than administrative convenience . . . . It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). "This creates a strong presumption in favor of parties proceeding in their own names," *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011), and courts permit plaintiffs to proceed under an anonymous or fictitious name only in "exceptional cases." *Frank*, 951 F.2d at 322.

Even so, "the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Francis*, 631 F.3d at 1315-16 (citations and

2

quotations omitted). To determine whether a plaintiff has demonstrated such a privacy right, a court must consider "all the circumstances of a given case," but with particular and preliminary focus on three factors: (1) whether the plaintiff is seeking anonymity to challenge government activity; (2) whether the plaintiff will be required to disclose information of the utmost intimacy; and/or (3) whether the plaintiff will be compelled to admit an intention to engage in illegal activity and/or otherwise risk criminal prosecution. *Id.* at 1316 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)). Other factors favoring anonymity include whether the plaintiff is a minor (or otherwise particularly vulnerable) and whether the plaintiff might be subject to violence or physical harm. *Id.* Anonymity is disfavored, however, if it "pose[s] a unique threat of fundamental unfairness to the defendant." *Id.* (citing *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

## Discussion

A number of factors justify granting Doe's request. First, two out of three of the factors in the Eleventh Circuit's three-factor test favor anonymity: (a) Doe is challenging an allegedly unconstitutional blanket government policy, and (b) he would be required to divulge his transgender status, the sort of intimate information the Eleventh Circuit has held justifies anonymity. 631 F.3d at 1315; *accord S. Methodist Univ.*, 599 F.2d at 712–13 ("'[W]here the issues involved are

matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'") (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974) (notes omitted, alterations in original); Eugene Volokh, *The Law of Pseudonymous Litig.*, 73 Hastings L.J. 1353, 1406 n.255 (2022) (collecting cases on pseudonymity to avoid revealing a party as transgender).

In addition to considering these factors, the Court also must consider the individual circumstances of this case. *Francis*, 631 F.3d at 1316 (recognizing the three-part test is "only the first step for evaluating whether to let a plaintiff proceed to trial anonymously"). Here, Doe fears family rejection and otherwise has no support system in the prison system. (*Id.* ¶¶ 5, 15).

The State Defendants make several arguments in opposition to pseudonymity.[1] First, they point to other cases (and the other Plaintiffs' claims

---

[1] The State Defendants raise concerns about the other Plaintiffs' use of "self-declared names" and make a point of referring to the other Plaintiffs by their names according to GDC records rather than the names Plaintiffs use themselves. (Doc. 25 at 3 n.3). The Court does not read Rule 10(a) as requiring litigating using a name as recorded in Defendants' records or precluding litigating using an alias that was commonly and publicly used pre-litigation, particularly where, as here, the Complaint contains a footnote identifying Plaintiffs by their GDC registered names and numbers. (Doc. 1 at 1 n.1). When the rules drafters want a filing to include all aliases, they know how to require it. *See* Fed. R. Bankr. P. 1005(a)(5) (requiring a petition to list "all other names the debtor has used within 8 years before the petition was filed."). At worst, this is arguably "penetrable

here) that publicly challenged prison transgender policies. (Doc. 36 at 2–3). But the fact that some plaintiffs have chosen to forego available protections does not undermine the protections for others; holding otherwise would endorse the sort of blanket rule proscribed by the Eleventh Circuit. *Francis*, 631 F.3d at 1315 ("A district court abuses its discretion in denying a motion to remain anonymous if it fails to actually consider the circumstances of the case and to weigh the relevant factors and instead follows a blanket rule in making its final decision.") (citing *James v. Jacobson*, 6 F.3d 233, 239–43 (4th Cir.1993)).

Second, State Defendants (Defendants Tyrone Oliver, Randy Sauls, and Dr. Marlah Mardis) argue that Doe's request lacks evidentiary support. They note that in his declaration, Doe indicated a historical fear of family rejection while growing up but did not specifically state that he faces being cut off from family support if his identity is revealed now. (Doc. 36 at 4). State Defendants argue that because Doe has been transitioning since at least 2020, it is implausible that his family does not know that he is transgender. (*Id.* at 5).

But that is not the only inference that can be drawn from the evidence. Doe is litigating a constitutional challenge to a state policy that all agree is controversial. The Court can reasonably infer from Doe's historical fear of family

pseudonymity," which does not raise the same concerns as truly pseudonymous litigation. *Volokh, supra* at 1374. In any case, the Court uses the Plaintiffs' names as indicated in the case caption.

rejection and testimony regarding a lack of other support systems that, following

such a public display of his transgender status, broader rejection from extended

family and consequential withdrawal of support is more likely than not to follow.

*See Taylor Grp., Inc. v. Indus. Distribs. Int'l Co.*, 859 F. App'x 439, 446 & n.4 (11th Cir.

2021) (explaining that the Court acts as factfinder in resolving pretrial motions

based on disputed facts even without live testimony); *United States v. U.S. Gypsum

Co.*, 333 U.S. 364, 394 (1948) (holding that when the court acts as factfinder it is

entitled to draw reasonable inferences from the evidence).

Third, State Defendants also argue that there is prejudice for the public

because it has an interest in knowing the identity of an individual who is seeking

to invalidate a state law. The State Defendants point to no case law that has

considered this a factor, and it seems contrary to the factors that *Francis* and other

cases have considered. But in any case, the burden on Defendants and the public

at large of having a pseudonymous Plaintiff challenging a state law is ameliorated

by the fact that there are other Plaintiffs with standing in this action who are not

concealing their identities.

Finally, State Defendants contend that pseudonymity would lead to

difficulty in the litigation process. But Defendants have Doe's identifying

information so that they can respond to his allegations. Also, the Court has already

held one hearing in this case and Doe's pseudonymity caused little disruption.

And, as this case involves sensitive medical information, many documents in this case pertaining to Plaintiffs will be sealed or redacted irrespective of whether Doe's identity is revealed. The Court thus overrules State Defendants' objections to the Motion and will grant it.

## Conclusion

For the above reasons, it is

**ORDERED** that Plaintiff John Doe's Motion to Proceed Pseudonymously (Doc. 15) is **GRANTED**.

**SO ORDERED** this 4th day of September, 2025.

Victoria Marie Calvert
United States District Judge