IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ISIS BENJAMIN; FANTASIA HORTON; NAEOMI MADISON; BRYNN WILSON; and JOHN DOE;<br><br>on behalf of themselves and all persons similarly situated,<br><br>  Plaintiffs,<br><br>  v.<br><br>COMMISSIONER TYRONE OLIVER, in his official capacity; ASSISTANT COMMISSIONER RANDY SAULS, in his official capacity; STATEWIDE MEDICAL DIRECTOR DR. MARLAH MARDIS, in her official capacity; and CENTURION OF GEORGIA, LLC,<br><br>  Defendants. | Civ. Case No. 1:25-cv-04470-VMC<br><br>**CLASS ACTION** |

**PARTIALLY UNOPPOSED MOTION TO GIVE CLASS NOTICE AND BRIEF IN SUPPORT**

This is a class action under 42 U.S.C. § 1983 to enjoin enforcement of Georgia Senate Bill 185 ("SB185"), which bans gender dysphoria care in Georgia Department of Corrections ("GDC") prisons. The Court entered a preliminary

injunction against SB185's ban on hormone therapy and certified two provisional classes of individuals incarcerated in GDC facilities who either (A) "are receiving hormone therapy now proscribed by S.B. 185 or who were receiving hormone therapy proscribed by S.B. 185 on May 8, 2025" or (B) "who identify as transgender and request hormone treatment now proscribed by S.B. 185." Doc. 50 at 62.

Pursuant to Federal Rule of Civil Procedure 23(c), Plaintiffs move the Court to require Defendants to give notice of the preliminary injunction to the provisional classes in the form attached as Exhibit 1. Notice will ensure that class members know they can access the treatment they need, as is their constitutional right, consistent with the Court's injunction. Plaintiffs provided the form notice for Defendants' review and can represent that the State Defendants do not oppose the proposed form notice. Defendant Centurion of Georgia, LLC ("Centurion") has not provided its position on the form of the notice.

Plaintiffs further move the Court to order Defendants to disseminate the notice via: (1) one-on-one meetings between class members, including those with a transgender profile in GDC custody, and medical and mental health staff; and (2) posting in common areas where patients go for medical or mental health appointments. Plaintiffs understand the State Defendants do not oppose dissemination of notice via medical and mental appointments but disagree with posting notice in any common area. Centurion has not provided its position on the

means for delivering notice. The Court should reject the State Defendants' objection to public posting of the notice, grant Plaintiffs' Unopposed Motion for the reasons detailed below, and order notice as Plaintiffs' proposal prescribes.

## BACKGROUND

Plaintiffs are transgender people with gender dysphoria in GDC custody. Doc. 1 ¶¶ 20–24. Defendants are the prison officials and correctional healthcare provider responsible for ensuring that those in GDC custody receive adequate medical care. *Id.* ¶¶ 26–29. Plaintiffs and all provisional class members have either received or requested treatment, including in some cases hormone therapy, for their gender dysphoria. *Id.* ¶¶ 20–25.

In May 2025, Georgia enacted SB185, which bans hormone therapy, among other forms of gender dysphoria treatment. *See* O.C.G.A. § 42-5-2(e)(1). Defendants began implementing SB185's blanket ban in July 2025, including tapering hormone therapy for individuals who were then-receiving it. *See* Doc. 11-20.

Upon discovering Defendants' plans to implement SB185, Plaintiffs brought this action for themselves and a class of similarly situated individuals to obtain access to medically necessary gender dysphoria treatment. *See* Doc. 1. The Court preliminarily enjoined Defendants from implementing SB185's ban on hormone therapy and certified two provisional classes: one for those who were receiving hormone care at the time SB185 took effect (the "receiving class") and another for

those who have requested or would request such care (the "requesting class"). *See* Doc. 50 at 62. The State Defendants appealed and moved the Eleventh Circuit for a stay on September 8, Doc. 51, and that motion remains pending. Centurion neither appealed nor moved to stay.

The Court's injunction thus remains in effect. If Defendants are complying, more than 107 people who were receiving hormone therapy before SB185 should again be receiving that care, Doc. 25-1 ¶ 3, provided their treating physicians agree. Doc. 50 at 62–63. And hundreds of other transgender people with gender dysphoria in custody should be able to request hormone therapy and receive an evaluation based on medical need rather than legislative edict. *Id.*

To ensure that all class members know about the injunction, Plaintiffs proposed to Defendants on September 5 that Defendants should give notice of the injunction to the classes. Over weeks of conferral, the parties reached agreement on the form of the notice and an agreement in part on a plan for distributing that notice to the classes.

Ultimately, the parties agreed the notice should be disseminated through one-on-one meetings between people receiving or requesting hormone therapy and their medical or mental health providers at appointments. Plaintiffs further proposed the State Defendants post the notice in areas where individuals go to request sick calls and where individuals go for medical or mental health treatment, to reach members

of the requesting class. On October 10, the State Defendants maintained a partial objection to this portion of Plaintiffs' proposal based on purported privacy concerns with distributing notice to those with a transgender profile at class members' cells and posting the notice in public areas. Notwithstanding their objection, the State Defendants confirmed that they would not oppose a motion for notice to class members at medical and mental health appointments. *See* Oct. 10, 2025 Email from R. Wyrick to C. Zhu et al., attached as Ex. 2.

To date, Centurion has not provided its position on the notice or the means of delivery. *See id.*

## ARGUMENT AND CITATION TO AUTHORITY

This Court should require Defendants to give notice of the preliminary injunction to all provisional class members. As described above, Plaintiffs and the State Defendants agree about the *form* of the notice, attached hereto as Exhibit 1. The Court should therefore adopt that form of notice. Plaintiffs also understand that the State Defendants do not oppose disseminating the proposed notice via one-on-one meetings between members of both classes and medical and mental health staff. The Court should therefore order that notice be disseminated that way.

The only live dispute is about one of the proposed processes for distributing that notice to class members: Plaintiffs propose that the attached notice form be

publicly posted in common areas where patients attend medical or mental health appointments, which Defendants oppose.

Plaintiffs' proposed public notice in areas where patients attend medical or mental health appointments is a reasonable and appropriately narrow means of reaching the requesting as well as the receiving classes. Thus, the Court should order that the attached notice form be publicly posted and distributed consistent with the entirety of Plaintiffs' proposal.

Requiring appropriate notice is well within the Court's discretion. Rule 23(c) provides: "For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." And Rule 23(d)(1)(B) further provides that, "[i]n conducting an action under this rule, the court may issue orders that … require—to protect class members and fairly conduct the action—giving appropriate notice to some or all class members." While notice is not required in injunction classes as it is in damages classes, courts have directed notice in Rule 23(b)(2) classes to inform class members of the case. *See Paschall v. AltaCare Corp.*, Case No. CV 115-167, 2017 WL 11647750, at *4 (S.D. Ga. Oct. 26, 2017). Indeed, courts have exercised discretion to require notice in cases challenging the adequacy of prison healthcare. *See Dean v. Coughlin*, 107 F.R.D. 331, 335 (S.D.N.Y. 1985).

There are sound reasons to require distribution of the notice as proposed by Plaintiffs. All class members are, by definition, incarcerated and thus have limited

6

access to information. And there are numerous GDC facilities across the state, each staffed by different people, who may not share an understanding of the Court's order. Court-approved notice will ensure that all class members receive uniform information and know what their rights are and that their rights are protected.

The Court should therefore direct that Defendants disseminate notice by posting in common areas where people go for medical or mental health appointments. This Court may order Defendants to give notice in cases like this one, where "the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978). This is such a case because Defendants have custody of all class members and unfettered access to all GDC facilities. Plaintiffs and their counsel do not. Further, the cost providing written notice is "insubstantial" in this case, *id.* at 359, and requiring Plaintiffs to bear the cost of notice would cause hardship, as the Court recognized in waiving the requirement of a bond, Doc. 50 at 45.

Defendants do oppose posting the notice in any common areas. But if Defendants do not post public notice where patients go for medical and mental health appointments, notice would make it only to class members whom Defendants know to have a transgender profile and likely need to request hormone therapy. But it might not reach individuals without a transgender profile in GDC's system who would

otherwise request hormone therapy if they were informed that such care would be available to them for a medical necessity. Thus, such notice in common areas is necessary to ensure members of the requesting class know about the full scope of their rights.

Courts have required notice to be posted in common areas in Eighth Amendment class actions challenging the systemic adequacy of medical care to ensure that all class members know of the injunction. In *Dean v. Coughlin*, for example, the court found systemic inadequacy in dental care at a prison in New York, certified a class of all inmates at that prison, and directed that notice be "posted in the law library, the dental clinic, and in each housing area for the pendency of the suit." 107 F.R.D. at 335. The Court should do the same here.

## CONCLUSION

For these reasons, the Court should direct notice of the preliminary injunction to the provisional classes as set out in this Motion. Plaintiffs request that the Court order Defendants to post the approved public notice, Exhibit 1, in common areas at all GDC facilities where patients go for medical and mental health appointments within 7 days of an order granting this motion. Plaintiffs further request that the Court order Defendants to disseminate notice to all members of the requesting and receiving class, including people in custody with a transgender profile, at medical and mental health appointments within 21 days of the order. Finally, Plaintiffs

request that the Court order Defendants to certify, in writing, compliance with an order on this motion within 28 days of the order.

*[Signatures to follow on next page]*

Respectfully submitted this 17th day of October, 2025.

Emily C. R. Early,
GA Bar No. 810206
eearly@ccrjustice.org
A. Chinyere Ezie*
cezie@ccrjustice.org
Celine Zhu*
czhu@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, NY 10012
Phone: (212) 614-6464

D. Korbin Felder*
kfelder@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
P.O. BOX 12046
Jackson, MS 39236
Phone: (601) 228-6101

*Admitted Pro Hac Vice*

/s/ *Amanda Kay Seals*
Amanda Kay Seals
GA Bar No. 502720
seals@bmelaw.com
Matthew R. Sellers
GA Bar No. 691202
sellers@bmelaw.com
BONDURANT, MIXSON & ELMORE, LLP
1201 W Peachtree St NW
Suite 3900
Atlanta, GA 30309
Phone: (404) 881-4100
Fax: (404) 881-4111

*Counsel for Plaintiffs*

## **Certificate of Compliance**

Pursuant to Local Rule 5.1(C), I certify that the foregoing was prepared using Times New Roman 14-point font.

*/s/ Amanda Kay Seals*
Amanda Kay Seals

## Certificate of Service

I certify that on October 17, 2025, I submitted the foregoing via the Court's CM/ECF system, which will serve an electronic copy on all attorneys of record.

*/s/ Amanda Kay Seals*
Amanda Kay Seals
