**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ISIS BENJAMIN; FANTASIA HORTON; NAEOMI MADISON; BRYNN WILSON; and JOHN DOE;<br><br>on behalf of themselves and all persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>COMMISSIONER TYRONE OLIVER, in his official capacity; ASSISTANT COMMISSIONER RANDY SAULS, in his official capacity; STATEWIDE MEDICAL DIRECTOR DR. MARLAH MARDIS, in her official capacity; and CENTURION OF GEORGIA, LLC,<br><br>    Defendants. | Civ. Case No. 1:25-cv-04470-VMC<br><br>**CLASS ACTION** |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
AND BRIEF IN SUPPORT**

# **TABLE OF CONTENTS**

**INTRODUCTION** ..................................................................................................1

**ARGUMENT AND CITATION TO AUTHORITY** ......................................................2

    **I.**    **All Plaintiffs have standing, and the law requires only one Plaintiff with standing in any event** .......................................................2

    **II.**    **Plaintiffs satisfy the ascertainability requirements** ...............................4

    **III.**    **Plaintiffs satisfy Rule 23(a)** ....................................................................5

    **IV.**    **Plaintiffs satisfy Rule 23(b)** ....................................................................7

**CONCLUSION** ....................................................................................................8

# TABLE OF AUTHORITIES

**Federal Cases**

*Ancata v. Prison Health Servs., Inc.*,
769 F.2d 700 (11th Cir. 1985).............................................................................4

*Cherry v. Dometic Corp.*,
986 F.3d 1296  (11th Cir. 2021)..........................................................................4

*Chianne D. v. Weida*,
Case No. 3:23-cv-985, 2024 WL 1743334 (M.D. Fla. April 23, 2024) ..........2

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019)..........................................................................2

*Cox v. Am. Cast Iron Pipe Co.*,
784 F.2d 1546 (11th Cir. 1986)..........................................................................5

*Fla. Immigrant Coal. v. Uthmeier*,
780 F. Supp. 3d 1235 (S.D. Fla. 2025) ..............................................................2

*Garcia-Bengochea v. Carnival Corp.*,
57 F.4th 916 (11th Cir. 2023)..............................................................................3

*Jones v. Advanced Bureau of Collections LLP*,
317 F.R.D. 284 (M.D. Ga. 2016) ........................................................................6

*Robinson v. Labrador*,
747 F. Supp. 3d 1331 (D. Idaho 2024) ..............................................................6

*Vega v. T-Mobile USA, Inc.*,
564 F.3d 1256 (11th Cir. 2009)..........................................................................5

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)..............................................................................................5

*Williams v. Mohawk Indus., Inc.*,
568 F.3d 1350 (11th Cir. 2009)..........................................................................6

## <u>**Federal Constitutional and Statutory Authority**</u>

U.S. Const. amend. XIII..........................................................................4, 6

Fed. R. App. P. 23................................................................................6, 7

## INTRODUCTION

Contemporaneous with Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction to enjoin Georgia Senate Bill 185's ("SB185" or "S.B. 185") blanket ban on hormone therapy, Plaintiffs move the Court under Federal Rule of Civil Procedure 23(b)(2) to certify two classes to whom the permanent injunction will apply. The requested class certification is identical to the provisional classes the Court certified on Plaintiffs' Motion for Provisional Class Certification in connection with their Motion for Preliminary Injunction. *See* Doc. 50 at 62.

First, Plaintiffs move the Court to certify a class of "All individuals incarcerated in GDC facilities who are receiving hormone therapy now proscribed by S.B. 185 or who were receiving hormone therapy proscribed by S.B. 185 on May 8, 2025." *See* Doc. 50 at 62. Plaintiffs refer to this class as the "Receiving Class." Plaintiffs Horton, Wilson, and Doe are the Receiving Class representatives. Each was in Georgia Department of Corrections ("GDC") custody and receiving hormone therapy as of May 8, 2025. Doc. 11-4, Declaration of Fantasia Horton ("Horton Decl.") ¶¶ 8–13; Doc. 11-6, Declaration of Brynn Wilson ("Wilson Decl.") (Doc. 11-6) ¶¶ 10, 13; Doc. 11-7, Declaration of John Doe ("Doe Decl.") ¶¶ 9, 16–17.

Second, Plaintiffs move the Court to certify a class of "All individuals incarcerated in GDC facilities not in the Receiving Class who identify as transgender and request hormone treatment now proscribed by S.B. 185." *See* Doc. 50 at 62

1

(similar).  Plaintiffs refer to this as the "Requesting Class."  Plaintiffs Benjamin and Madison are the Requesting Class representatives.  Both identify as transgender, are in GDC custody, and seek hormone therapy proscribed by SB185.  Doc. 11-3, Declaration of Isis Benjamin ("Benjamin Decl.") ¶¶ 5, 9, 16; Doc. 11-5, Declaration of Naeomi Madison ("Madison Decl.")  ¶¶ 3, 14, 16–17.

Certification of these two classes is warranted for the same reasons set out in Plaintiffs' Motion for Provisional Class Certification and Reply in Support, Doc. 2 and Doc. 35, both of which are hereby incorporated per the Court's permission to do so.  Doc. 50 at 64.  The standard for provisional and permanent class certification is the same.  *See Fla. Immigrant Coal. v. Uthmeier*, 780 F. Supp. 3d 1235, 1253 (S.D. Fla. 2025).  Given the incorporation of prior briefing and the Court's familiarity with the issue, Plaintiffs will briefly summarize the legal arguments for class certification. Relevant factual background is set out in Plaintiffs' Motion for Partial Summary Judgment and Permanent Injunction and Rule 56.1 Statement of Material Facts, filed contemporaneously.

## ARGUMENT AND CITATION TO AUTHORITY

### I.   All Plaintiffs have standing, and the law requires only one Plaintiff with standing in any event.

"[F]or a class action to be justiciable, all that the law requires is that a *named plaintiff* have standing."  *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1273 (11th Cir. 2019); *accord Chianne D. v. Weida*, Case No. 3:23-cv-985, 2024 WL 1743334, at

*16 (M.D. Fla. April 23, 2024) ("[In] Rule 23(b)(2) class actions, it is well settled that the standing inquiry focuses solely on the named plaintiff or proposed class representative.").[1] Here, Plaintiffs easily satisfy all the requirements of Article III: injury-in-fact, traceability, and redressability. *Garcia-Bengochea v. Carnival Corp.*, 57 F.4th 916, 922 (11th Cir. 2023).

Plaintiffs Horton, Wilson, Doe, and members of the Receiving Class unquestionably have standing, as Defendants previously conceded. *See* Doc. 26 at 18. They received hormone therapy until Defendants began withdrawing it under SB185. Doc. 11-4, Horton Decl. ¶¶ 12–13; Doc. 11-6, Wilson Decl. ¶¶ 10, 13; Doc. 11-7, Doe Decl. ¶¶ 9, 16–17. A permanent injunction against SB185's hormone therapy ban will redress that injury by restoring access to hormone therapy that GDC healthcare personnel, including Statewide Medical Director Defendant Mardis, already determined to be medically necessary for them. Doc. 11-10, SOP 507.04.68 (§ IV.D); Doc. 28-1, Declaration of Gerald Wynne ("Wynne Decl.") ¶ 3.

Plaintiffs Benjamin, Madison, and members of the Receiving Class likewise have standing. Plaintiffs Benjamin and Madison's Article III injury is the denial of individualized medical treatment evaluations for their serious medical need. As the Eleventh Circuit has held, the "deni[al of] access to medical personnel capable of

---

[1] Unless otherwise noted, quotations, citations, and alterations to legal citations are omitted, and alterations and emphasis within this brief are added.

evaluating the need for treatment" itself violates the Eighth Amendment. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985). Thus, an injunction would redress the injury of Plaintiffs Benjamin, Madison, and members of the Requesting Class by giving access to individualized evaluations for hormone therapy. Doc. 35 at 7-8. Because their injury is "not being *evaluated* for treatment according to the constitutional minimum standard of care," the injunction will provide redress "regardless of whether hormone therapy is ultimately prescribed." Doc. 50 at 51 (emphasis added).

## II. Plaintiffs satisfy the ascertainability requirement.

"Ascertainability is an implied prerequisite of Rule 23." *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302 (11th Cir. 2021). The Receiving Class is ascertainable because Defendants know which individuals were receiving hormone therapy before SB185, as Defendants have conceded. *See* Doc. 26 at 19. The Requesting Class is ascertainable because the language defining the class—which is identical to the definition of Requesting Class that this Court previously certified—tracks GDC's pre-SB185 policies that required people who "identify as Transgender and request hormone treatment" to "be referred to the Medical Department to be evaluated and referred to an endocrinologist or other appropriate provider." Doc. 11-9, SOP 508.40 § IV.D. Defendants had no apparent difficulty complying with that policy and so will not have any difficulty ascertaining members of the Requesting Class.

4

### III.    Plaintiffs satisfy Rule 23(a).

Plaintiffs satisfy all requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy—for purposes of a permanent injunction for the same reasons they satisfied those requirements for the preliminary injunction. *See* Doc. 2 at 11–20; Doc. 35 at 13–17; *see also* Doc. 50 at 45–59.

**Numerosity.**  A class of more than 40 members satisfies the numerosity requirement.  *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). The undisputed evidence is that 340 people in GDC custody have gender dysphoria, and 107 were receiving hormone therapy as of June 30, 2025. Doc. 28-1, Wynne Decl. ¶ 3.  That is more than enough to meet the numerosity requirement. *See Cox*, 784 F.2d at 1553.

**Commonality and Typicality.**  "The commonality requirement demands only that there be questions of law or fact common to the class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009).  There need only be "*one* common question of law or fact" to certify a class.  *Id.* at 1270.  Typicality requires "that the claims or defenses of the representative parties be typical of the claims or defenses of the class."  *Id.* at 1275.  The typicality requirement is satisfied when a class representative "possess[es] the same interest and suffer[s] the same injury as the class members."  *Id.*  The commonality and typicality requirements "tend to merge." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 n.5 (2011).

Plaintiffs raise several common questions, including whether SB185's blanket ban on hormone therapy is constitutional. *See* Doc. 2 at 15. The claims of Plaintiffs Horton, Wilson, and Doe are typical of the claims of the Receiving Class because all share the injury of being tapered off hormone therapy because of SB185. *Id.* at 17. The claims of Plaintiffs Benjamin and Madison are typical of the claims of the Requesting Class because they share the common injury of not receiving an individualized assessment for medically necessary hormone therapy. *Id.*

Further, the claims of Plaintiffs are typical of the two classes because they are based on the "same legal theory," that Defendants' implementation of SB185 as a blanket ban on hormone therapy violates the Eighth Amendment. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009). Courts around the country have found that a plaintiff's Eighth Amendment claim like this one—"seek[ing] injunctive relief from [a state's] prohibition of the use of state funds for hormone therapy"—is typical of a class. *Robinson v. Labrador*, 747 F. Supp. 3d 1331, 1346 (D. Idaho 2024).

**Adequacy.**  The adequacy requirement is met "if the representative parties will fairly and adequately protect [the] interests of [the] class."  Fed. R. Civ. P. 23(a)(4); *see also* Fed. R. Civ. P. 23(g)(1) (requiring court to appoint class counsel). "This requirement applies to both the named plaintiff[s] and [their] counsel." *Jones v. Advanced Bureau of Collections LLP*, 317 F.R.D. 284, 292 (M.D. Ga. 2016).

6

Plaintiffs satisfy the adequacy requirement because each has sworn that they understand the responsibility of being a named plaintiff and that they will represent the interests of the class. Doc. 11-3, Benjamin Decl. ¶¶ 29, 31; Doc. 11-4, Horton Decl. ¶¶ 29, 31; Doc. 11-5, Madison Decl. ¶¶ 20, 22; Doc. 11-6, Wilson Decl. ¶¶ 17–18; Doc. 11-7, Doe Decl. ¶¶ 18, 20. There are no conflicts between Plaintiffs and the class members. All have the same interest in access to hormone therapy.

Plaintiffs' counsel satisfies the adequacy requirement because, as the Court previously found, Plaintiffs' "counsel is experienced in class litigation and is capable of diligently prosecuting this action." Doc. 50 at 52; *see also* Doc. 11-22, Declaration of Amanda Kay Seals ¶¶ 3–6, 8; Doc. 11-23, Declaration of Emily C.R. Early ¶¶ 3–5.

## IV.    Plaintiffs satisfy Rule 23(b)(2).

Plaintiffs also satisfy the requirement for certification of a Rule 23(b)(2) class because Defendants "ha[ve] acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respective the class as a whole." Fed. R. Civ. P. 23(b)(2).

For Plaintiffs Horton, Wilson, Doe, and the Receiving Class, Defendants have acted on grounds generally applicable to the class by tapering their hormone therapy "to comply with Senate Bill 185." Doc. 28-1, Wynne Decl. ¶¶ 4, 9, 11; Doc. 46-1, Supplemental Declaration of Gerald Wynne ¶ 5. For Plaintiffs Benjamin and

7

Madison, Defendants have refused to act on grounds generally applicable to the class by refusing to evaluate class members for hormone therapy due to SB185 rather than any medical judgment. Doc. 28-1, Wynne Decl. ¶¶ 3–5, 8, 10; Doc. 11-3, Benjmain Decl. ¶¶ 15-16; Doc. 11-5, Madison Decl. ¶ 17.

Courts around the country have certified Rule 23(b)(2) classes where the "refusal to administer hormone injections applies generally to the class" and an injunction against a law barring hormone therapy "would provide relief to each class member, and in no way differentiate[] between class members." *Labrador*, 747 F. Supp. 3d at 1349. Therefore, this Court should again certify the two classes for purposes of a permanent injunction.

## CONCLUSION

For these reasons and those set out in Plaintiffs' Motion for Provisional Class Certification and Reply in Support, Doc. 2 and Doc. 35, the Court should certify the Receiving Class and the Requesting Class for purposes of entering a permanent injunction against SB185's blanket ban on hormone therapy. Again, the Receiving Class comprises "All individuals incarcerated in GDC facilities who are receiving hormone therapy now proscribed by S.B. 185 or who were receiving hormone therapy proscribed by S.B. 185 on May 8, 2025." The Requesting Class comprises "All individuals incarcerated in GDC facilities not in the Receiving Class who identify as transgender and request hormone treatment now proscribed by S.B. 185."

Respectfully submitted this 10th day of November, 2025.

*/s/ Matthew R. Sellers*

Emily C. R. Early,                                  Amanda Kay Seals
GA Bar No. 810206                                 GA Bar No. 502720
eearly@ccrjustice.org                              seals@bmelaw.com
A. Chinyere Ezie*                                  Matthew R. Sellers
cezie@ccrjustice.org                               GA Bar No. 691202
Celine Zhu*                                        sellers@bmelaw.com
czhu@ccrjustice.org                                BONDURANT, MIXSON & ELMORE, LLP
Kayla Vinson*                                      1201 W Peachtree St NW
kvinson@ccrjustice.org                             Suite 3900
CENTER FOR CONSTITUTIONAL RIGHTS                   Atlanta, GA 30309
666 Broadway, 7th Floor                            Phone: (404) 881-4100
New York, NY 10012                                 Fax: (404) 881-4111
Phone: (212) 614-6464
Kayla Vinson
kvinson@ccrjustice.org

D. Korbin Felder*
kfelder@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
P.O. BOX 12046
Jackson, MS 39236
Phone: (601) 228-6101

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

## **Certificate of Compliance**

Pursuant to Local Rule 7.1(D), I certify that this submission complies with the page and word requirements in Local Rule 5.1 because it does not exceed 25 pages and is prepared with size 14-point Times New Roman font.

*/s/ Matthew R. Sellers*
Matthew R. Sellers

## **Certificate of Service**

I certify that on November 10, 2025, I submitted the foregoing via the Court's

CM/ECF system, which will serve an electronic copy on all attorneys of record.

*/s/ Matthew R. Sellers*
Matthew R. Sellers