# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| ISIS BENJAMIN; FANTASIA HORTON; NAEOMI MADISON; BRYNN WILSON; and JOHN DOE;<br><br>on behalf of themselves and all persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER TYRONE OLIVER, in his official capacity; ASSISTANT COMMISSIONER RANDY SAULS, in his official capacity; STATEWIDE MEDICAL DIRECTOR DR. MARLAH MARDIS, in her official capacity; and CENTURION OF GEORGIA, LLC,<br><br>Defendants. | Civ. Case No. 1:25-cv-04470-VMC<br><br>**CLASS ACTION** |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SET DEADLINE FOR CLASS NOTICE

Defendants do not oppose the Court setting a deadline for disseminating class notice. Doc. 114 at 2; Doc. 115 at 2. All the parties thus agree the Court *should* set a deadline. The only question is what that deadline should be. Plaintiffs request that the Court set the deadline for 14 days after a decision on this Motion. Defendants ask to have until April 15, 2026 to complete dissemination of notice. Doc. 114 at 2.

The Court should reject Defendants' proposed timeline. It has now been *more than twelve weeks* since the Court ordered notice to the class members, Doc. 94 at 27, and *nine weeks* since the parties agreed on the form of notice. Yet Defendants' Responses show they have done nothing to comply. And they offer no justification for the inordinate delay. To allow Defendants to proceed on their own timeline now would reward their foot dragging. It would also leave class members without court-ordered notice of the judgment for as many as six more weeks. That is unacceptable for all the reasons detailed in Plaintiffs' Motion, including because the lack of notice may prevent class members without knowledge of the permanent injunction from exercising their constitutional right to healthcare.

None of the points Defendants make in favor of a longer timeline stand up to scrutiny.

*First*, Defendant Centurion implies that the parties did not reach agreement on the form of the notice until January, but the email it filed belies that claim. The parties began discussing revisions to the form class notice to reflect the Court's

permanent injunction on December 16. On December 22, Defendants' counsel objected to part of Plaintiffs' proposed notice, asked to "revert to the language found in the court-approved notice," and represented that "Centurion is prepared to distribute" once that was done. Doc. 114-1 at 1. Plaintiffs' counsel made that one requested change and stated that "Centurion is welcome to begin disseminating" notice on December 23. *Id.* The parties had quite clearly reached agreement on December 23. "No one responded to Plaintiffs['] email," as Centurion points out, because there were no further revisions to discuss. Doc. 114 at 4.

Even if *Centurion* might not have understood notice to be finalized as of December 23, the email attached to Centurion's response, Doc. 114-1, establishes that the State Defendants—also parties to the litigation, also subject to the Court's order to provide care, and also obligated to provide notice—could not credibly believe that there was any disagreement on the form of the notice after that date. If the State Defendants didn't direct Centurion to disseminate the agreed upon notice until *after* the Plaintiffs followed up on January 14, the fault for that still lies with Defendants.

*Second*, the Court should not accept Defendants' complaint that the notice process "is neither simple nor seamless" and "cannot occur at once due to resource limitations." Doc. 114 at 6. To begin, Defendants offer no specifics to support that assertion. As to the Receiving Class, compliance would take little more than

distributing a flyer with the agreed-upon notice language. Defendants have had ample opportunity to do that. The three Receiving Class representatives now receive hormone therapy once every two weeks. *See* Declaration of Chinyere Ezie, attached as Ex. 1, ¶ 2. Presumably many other Receiving Class members receive hormone therapy on the same timeline. But even if the Class received therapy monthly rather than once every two weeks, Defendants have had *at least* three appointments since the Court's permanent injunction, and at least two since the parties agreed on the form of notice. Defendants could have provided notice to the Receiving Class at any one of those appointments. Requesting Class members should be having medical appointments to be evaluated for hormone therapy, too. Defendants offer no reason they cannot provide notice to the Requesting Class at those appointments. The notion that it will take another six weeks to fully disseminate notice simply is not credible.

*Third*, the fact that ordinarily "plaintiffs must use their resources to develop a plan for providing class notice" does not excuse Defendants' delay. Doc. 114 at 2–3. The Supreme Court has squarely held that the Court may order defendants to give class notice where "the defendant may be able to perform a necessary task with less difficulty or expense than could the representative plaintiff." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 356 (1978). This is such a case. Class members are, by definition, in Defendants' custody. Defendants have access to class members in a

way that Plaintiffs obviously do not. That is no doubt why Defendants never objected to providing class notice themselves. *See* Doc. 68 at 2.

*Fourth*, and finally, notice is necessary to ensure Defendants give the Court's judgment and permanent injunction effect. Defendants are of course correct that "the parties are bound by the Court's judgment regardless of notice." Doc. 114 at 7. But, as Defendants also point out, "[t]he several hundred class members are not in a single facility." *Id.* at 4–5. They are at different facilities around the state, with different wardens and medical staff. Notice to the class members ensures that everyone has uniform information about their rights under the permanent injunction. Such notice is especially critical in context of incarcerated class members who may not have the same access to information as in the free world.

If the Court is inclined to give Defendants still more time to comply with its notice order, it should not give them until April 15. It should give them until April 1. Defendants proposed April 1 as a compliance deadline in conferral. There is no reason to give them until April 15 when they previously represented they could comply sooner.

For these reasons, the Court should require Defendants to complete dissemination of class notice within 14 days of an order on Plaintiffs' Motion.

*[Signatures and certification pages follow.]*

Respectfully submitted this 2nd day of March, 2026.

| | /s/ Amanda Kay Seals |
|---|---|
| Emily C. R. Early | Amanda Kay Seals |
| GA Bar No. 810206 | GA Bar No. 502720 |
| eearly@ccrjustice.org | seals@bmelaw.com |
| A. Chinyere Ezie* | Matthew R. Sellers |
| cezie@ccrjustice.org | GA Bar No. 691202 |
| Celine Zhu* | sellers@bmelaw.com |
| czhu@ccrjustice.org | BONDURANT, MIXSON & ELMORE, LLP |
| CENTER FOR CONSTITUTIONAL RIGHTS | 1201 W Peachtree St NW |
| 666 Broadway, 7th Floor | Suite 3900 |
| New York, NY 10012 | Atlanta, GA 30309 |
| Phone: (212) 614-6464 | Phone: (404) 881-4100 |
| Kayla Vinson | Fax: (404) 881-4111 |
| kvinson@ccrjustice.org | |

D. Korbin Felder*
kfelder@ccrjustice.org
CENTER FOR CONSTITUTIONAL RIGHTS
P.O. BOX 12046
Jackson, MS 39236
Phone: (601) 228-6101

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

## **<u>Certificate of Compliance</u>**

This is to certify that the foregoing **Plaintiffs' Reply in Support of Motion to Set Deadline for Class Notice** has been prepared with Times New Roman, 14-point per Local Rule 5.1(C).

*/s/ Amanda Kay Seals*
Amanda Kay Seals

Certificate of Compliance

## **Certificate of Service**

I certify that on March 2, 2026, I submitted the foregoing via the Court's

CM/ECF system, which will serve an electronic copy on all attorneys of record.

*/s/ Amanda Kay Seals*
Amanda Kay Seals